UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| ANTONIO SINGLETON and PORTAIA SINGLETON, | **AMENDED COMPLAINT** |
| Plaintiffs, | 12 CV 4175 |
| -against- | (JBW) (LB) |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, JOSE HIGA, Individually, MICHAEL WHITE, Individually, HUGO ORTEGA, Individually, ADRIAN CHATMAN, Individually, RONALD REYNOLDS, Individually, SEAN FINNEGAN, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

------------------------------------------------------------------X

Plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ANTONIO SINGLETON is a twenty-eight year old African American man residing in Brooklyn, New York.

7. Plaintiff PORTAIA SINGLETON is thirty year old African American woman residing in Brooklyn, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, JOSE HIGA, MICHAEL WHITE, HUGO ORTEGA, ADRIAN CHATMAN, RONALD REYNOLDS, SEAN FINNEGAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On June 1, 2011, at approximately 6:30 p.m., plaintiff ANTONIO SINGLETON was inside of his home located at 526 Pennsylvania Avenue, Apt. 4F, Brooklyn, New York, when defendant officers, upon information and belief, including, but not limited to, defendants JOSE HIGA, MICHAEL WHITE, HUGO ORTEGA, ADRIAN CHATMAN, RONALD REYNOLDS, and SEAN FINNEGAN, broke down plaintiff's door and entered his home with their guns drawn.

14. The defendant officers detained and handcuffed plaintiff. The defendants strip searched plaintiff ANTONIO SINGLETON in the living room of said location. The officers compelled plaintiff to remove all his clothing, squat, cough, spread his buttocks and lift his genitals.

15. The defendant officers searched plaintiff ANTONIO SINGLETON's apartment.

16. The defendant officers did not recover any contraband from plaintiff ANTONIO SINGLETON nor from any area under his control.

17. Notwithstanding the defendants' lack of probable cause to believe that plaintiff had committed any crimes or offenses, the defendants continued to detain plaintiff ANTONIO SINGLETON.

18. During this approximate time, plaintiff PORTAIA SINGLETON, ANTONIO SINGLETON's sister, was returning to her apartment, 4A, which was down the hall from ANTONIO SINGLETON's apartment.

19. When plaintiff PORTAIA SINGLETON exited the stairwell and arrived in the fourth floor hallway, she observed police activity in her brother's apartment and, upon information and belief, defendants SEAN FINNEGAN and JOHN DOE 1, standing in the hallway.

20. One of the officers in the hallway stated to plaintiff PORTAIA SINGLETON, in sum and substance, mind your business. In response PORTAIA SINGLETON walked toward her apartment.

21. The defendant officer who spoke to PORTAIA SINGLETON followed PORTAIA SINGLETON, grabbed her, pushed her against the wall, and placed handcuffs on her wrists.

22. Thereafter, the defendant officers imprisoned plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON in a police vehicle, and transported the plaintiffs to an NYPD precinct stationhouse and imprisoned them therein.

23. The defendants imprisoned plaintiffs until on or about June 2, 2011, when the Kings County District Attorney's Office declined to prosecute plaintiffs, at which time the plaintiffs were released from custody without any charges being brought, and with the records of said arrests thereby deemed sealed and legal nullities pursuant to the New York Criminal Procedure Law.

24. Defendants JOSE HIGA, MICHAEL WHITE, HUGO ORTEGA, ADRIAN CHATMAN, RONALD REYNOLDS, SEAN FINNEGAN, and JOHN and JANE DOE 1

through 10 either directly participated in or failed to intervene in the illegal conduct described herein.

25. Defendant MICHAEL WHITE, who holds the rank of Sergeant, supervised defendants JOSE HIGA, HUGO ORTEGA, ADRIAN CHATMAN, RONALD REYNOLDS, SEAN FINNEGAN, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and detention of the plaintiffs.

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the execution of search warrants; the treatment of innocent and/or uninvolved individuals found at or near the location of the execution of a search warrant; and that they engage in a widespread practice of falsification.

28. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. Their failure caused the officers in the present case to violate the plaintiffs' civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

30. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants arrested plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

40. Defendants caused plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON to be falsely arrested and unlawfully imprisoned.

41. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants strip searched plaintiff ANTONIO SINGLETON in the absence of

reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

44. Defendants thereby caused plaintiff ANTONIO SINGLETON to be deprived of his right to be free from unlawful strip searches.

45. As a result of the foregoing, plaintiff ANTONIO SINGLETON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants falsely arrested plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON and unlawfully strip searched plaintiff ANTONIO SINGLETON because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

48. As a result of the foregoing, plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

49. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

50. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants had an affirmative duty to intervene on behalf of plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON, whose constitutional rights were being violated in their presence by other officers.

52. The defendants failed to intervene to prevent the unlawful conduct described herein.

53. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff ANTONIO SINGLETON was unlawfully strip searched.

54. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

57. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause, engaging in falsification or otherwise committing perjury and/or manufacturing evidence in an effort to convict such individuals, or for other collateral objectives such as to obtain overtime compensation; arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant; unlawfully strip searching individuals; and engaging in falsification.

61. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly

authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON were unlawfully arrested and ANTONIO SINGLETON was unlawfully strip searched.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON'S constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON of federally protected rights, including, but not

limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from unlawful strip searches;

      D.    To be free from the failure to intervene; and

      E.    To receive equal protection under law.

68. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

74. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

75. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants arrested plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON without probable cause.

77. Plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON were detained against their will for an extended period of time and subjected to physical restraints.

78. As a result of the aforementioned conduct, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON were unlawfully imprisoned in violation of the laws of the State of New York.

79. As a result of the aforementioned conduct, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants made offensive contact with plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON without privilege or consent.

83. As a result of defendant's conduct, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

84. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

88. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

89. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON

90. As a result of the aforementioned conduct, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON suffered emotional distress, physical and mental injury, together

with embarrassment, humiliation, shock, fright, and loss of freedom.

91. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON

94. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON and the strip search of plaintiff ANTONIO SINGLETON.

98. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

99. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

102. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth

herein.

103. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

105. Plaintiffs repeats, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. As a result of defendants' conduct, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON were deprived of their right to equal protection of laws.

107. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

108. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. As a result of defendants' conduct, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON were deprived of their right to security against unreasonable searches, seizures, and interceptions.

110. As a result of the foregoing, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ANTONIO SINGLETON and PORTAIA SINGLETON demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 27, 2013

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiffs ANTONIO SINGLETON
                                        and PORTAIA SINGLETON
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

By: _____
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

ANTONIO SINGLETON and PORTAIA SINGLETON,

                            Plaintiffs,

      -against-

CITY OF NEW YORK, JOSE HIGA, Individually,
MICHAEL WHITE, Individually, HUGO ORTEGA,
Individually, ADRIAN CHATMAN, Individually,
RONALD REYNOLDS, Individually, SEAN FINNEGAN,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                            Defendants.

-----------------------------------------------------------------------------X

12 CV 4175
(JBW) (LB)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100